IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT C. LYON,

    Plaintiff,                      No. CIV S-07-1875 LKK DAD PS

    v.

THE CITY OF SACRAMENTO., et al.,    FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Plaintiff, proceeding pro se in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with the provisions of Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The district court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit demonstrating his inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

        Here, plaintiff declares that he is not employed, that Social Security Disability benefits comprised his sole source of income during the twelve months preceding the filing of this action, that he has no cash or bank accounts, and that he does not own any real estate or other valuable property. However, plaintiff's statement regarding real estate appears to be inconsistent

1

with the allegations of his complaint regarding ownership of two parcels of real estate in Sacramento. Notwithstanding this inconsistency, the undersigned finds that plaintiff's statements concerning income, cash, and bank accounts demonstrate inability to prepay the $350.00 filing fee.

The determination that a party is unable to prepay the filing fee does not complete the inquiry required by the federal in forma pauperis statute. A case in which the plaintiff seeks to proceed in forma pauperis must be dismissed if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against parties entitled to immunity.[1] 28 U.S.C. § 1915(e)(2). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). This is so because federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal Constitution and statute. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). The judicial power of the United States is vested in "one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. Art. III, § 1. Congress has conferred jurisdiction upon federal district courts, as limited by

---

[1] In the present case, the named defendants include two judges and several administrative hearing officers. In general, judicial officers are entitled to absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Meek v. County of Riverside, 183 F.3d 962, 965-68 (9th Cir. 1999); Partington v. Gedan, 961 F.2d 852, 866-67 (9th Cir. 1992).

2

1  Article III, § 2.  <u>See</u> 28 U.S.C. § 132.  <u>See</u> also <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 697-99
2  (1992).  Lack of subject matter jurisdiction may be raised by the court or by any party at any time
3  during the proceedings.  <u>See</u> <u>Attorneys Trust v. Videotape Computer Prods., Inc.</u>, 93 F.3d 593,
4  594-95 (9th Cir. 1996).  The burden of establishing jurisdiction rests upon the party asserting
5  jurisdiction.  <u>Kokkonen</u>, 511 U.S. at 377.

6  The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which
7  confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also
8  be conferred by federal statutes regulating specific subject matter.  <u>See</u> generally W.W.
9  Schwarzer, A.W. Tashima & J. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 2:5.

10  Here, plaintiff's complaint bears the title "Charges of Claim," followed by a list of
11  29 claims:  fraud, conspiracy to commit fraud, fraud in the inducement, fraud in factum
12  distinguished, fraud by deceit, collusion and ID fraud, criminal fraud, actual and constructive
13  legal fraud, constructive fraud, intrinsic and extrinsic fraud, fraud claim based on real estate
14  sales, identity fraud of property or person, damages for loss of personal property, injury, damage
15  to credit line, selective enforcement, loss of wages, permanent disabling of plaintiff,
16  discrimination and hate crimes, stalking of plaintiff to do bodily harm, illegal use of
17  governmental power and illegal force violating plaintiff's rights, destruction of use of property at
18  2290 and 2300 Traction Avenue in Sacramento for years, illegal removal of personal property
19  without personal service, continual fraud by city and county, slander, general negligence,
20  fraudulent document filed, and leaving public in danger.  (Compl. at 1-2.)

21  The defendants include the City of Sacramento, the County of Sacramento,
22  various city and county offices, numerous individual city and county employees, a former owner
23  of the real estate at issue and that person's attorney, the mayor of the City of Sacramento, two
24  city council members, unspecified contractors acting for the city, a title company, the Sacramento
25  County Superior Court, two judges of the superior court, and Does 1-1000.  (<u>Id.</u>)
26  /////

1    Plaintiff's suit arises from code enforcement actions taken by the City of
2 Sacramento against plaintiff from 1988 to the present.  The County of Sacramento has recently
3 taken steps to sell plaintiff's property for the purpose of satisfying unpaid fees charged against
4 the property by the City for recovery of code enforcement costs.  By the complaint filed in this
5 court, plaintiff seeks 500 million dollars in damages.
6    Plaintiff's complaint includes a section titled "Jurisdiction and Reason of the Case
7 and or Charges," in which plaintiff asserts that he has filed his suit in this court because "this
8 court must not allow the lower government courts to committ [sic] fraudant [sic] acts but instead
9 allow this suit to be heard by the people 'a jury' and let them see what crimes are being
10 committed by the defendants after viewing the evidence of many, many years the plaintiff believe
11 the 'people' will see." (Id. at 4.)  Plaintiff's jurisdictional statement contains no mention of a
12 federal question or a federal jurisdictional statute.  (Id. at 3-5.)  On the civil cover sheet attached
13 to the complaint, the basis of jurisdiction indicated by plaintiff is "U.S. Government Defendant."
14 (Id. at 221.)
15    Plaintiff seeks review of ongoing state administrative and judicial proceedings and
16 an award of damages against local government entities and individuals arising from almost two
17 decades of city code enforcement actions and the county's planned sale of plaintiff's property to
18 satisfy unpaid fees charged against plaintiff's property.  Contrary to plaintiff's assertion, the
19 United States Government is not a defendant in the case, and there is no diversity of citizenship
20 between plaintiff and defendants.  Plaintiff's complaint does not identify any federal question or
21 cite any federal statute that gives the federal district courts jurisdiction over the subject matter
22 described in the complaint.  The federal district court does not have jurisdiction to review alleged
23 errors in state proceedings.  See Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (holding
24 that a party who loses in state court "is barred from seeking what in substance would be appellate
25 review of the state judgment in a United States district court, based on the losing party's claim
26 that the state judgment itself violates the loser's federal rights").  See also Rooker v. Fidelity

4

1  Trust Co., 263 U.S. 413, 414-16 (1923).  In addition, plaintiff has not alleged facts demonstrating
2  that he has a private right of action to prosecute any of the defendants for their alleged crimes.
3  See Cooley v. Keisling, 45 F. Supp. 2d 818, 820 (D. Or. 1999) (noting that enforcement of
4  federal criminal statutes rests in the discretion of the Attorney General of the United States).

5        In the absence of a federal claim or diversity, this court lacks jurisdiction over
6  plaintiff's complaint.  Plaintiff's complaint should therefore be dismissed.  Leave to amend
7  should not be granted because the extensive documentation attached to plaintiff's complaint does
8  not support any basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 542-43
9  (1974) (dismissal for want of jurisdiction appropriate where the claim does not involve a federal
10  controversy within the jurisdiction of the district court).

11        Accordingly, IT IS HEREBY RECOMMENDED that:

12        1. Plaintiff's September 11, 2007 application to proceed in forma pauperis be
13  denied; and

14        2. This action be dismissed with prejudice.

15        These findings and recommendations will be submitted to the United States
16  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
17  **ten** (10) days after being served with these findings and recommendations, plaintiff may file any
18  written objections with the court.  A document containing objections should be titled "Objections
19  to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
20  objections within the specified time may, under certain circumstances, waive the right to appeal
21  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22  DATED: December 6, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25  DAD:kw
Ddad1\orders.pro se\lyon1875.f&r.ifpjur